## TEXAS & P. RY. CO. v. SALAZAR et al.

Circuit Court of Appeals, Fifth Circuit.
February 15, 1929.

No. 5301.

George A. Robertson and Robert G. Payne, both of Dallas, Tex. (Robertson, Rob-ertson & Gannon, of Dallas, Tex., on the brief), for appellant.

S. Engelking, of San Antonio, Tex., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is a suit by a minor and his mother and stepfather to recover damages alleged to have been caused by the negligence of appellant. There was a verdict and judgment for plaintiffs, from which this appeal is prosecuted. Error is assigned to the refusal of the court to direct a verdict for appellant at the close of the evidence and to the refusal to give two special charges requested.

The case shown by the evidence in the record is this: Willie Salazar, a minor between the ages of 12 and 13 years, in company of another child of about 5 years of age, was walking along a path on the east side of a spur track, owned and operated by appellant, in an industrial district in the city of Dallas. The path was habitually used by the public, and it was sufficiently far away from the track to be safe. The boy attempted to cross the track for the purpose of continuing his journey to a department store in the vicinity, when an engine with two freight cars backed down upon him. Willie Salazar succeeded in throwing the other child to a place of safety, but in doing so he stumbled and his left foot was run over and mashed, subsequently necessitating the amputation of the foot and part of his leg.

The evidence is conflicting as to any warning of the approach of the cars, but it is certain there was no flagman on the end of the train at the time of the accident and the switching crew did not know of it until some time after. There was also evidence tending to show that there was a path over the tracks where the boys attempted to cross it, and that another path ran along the west side from there on, and that both of these paths were used by the public, but not to the same extent as the one on the east side.

Both the motion and the special request were based on the assumption that the injured plaintiff was guilty of contributory negligence. In the state of the evidence disclosed by the record it was not error to deny the motion for verdict.

The court charged the jury clearly and fully as to the defense of contributory negligence, and no exception was taken to the

general charge. The requested charges, one of which apparently is abandoned on appeal, were objectionable, in that they assumed the contributory negligence of the plaintiff to be the departure from a safe path to a position of danger and overlooked entirely the evidence tending to show that the point of crossing and the west side path were in general use by the public. Had they been given, they might have tended to confuse the jury, rather than to clearly state the issues on the facts shown. It was not error to refuse them.

The record presents no reversible error. Affirmed.